**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| MARTY TATUM, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )   Case No. 11-CV-4078-EFM-KMH |
| | ) |
| HEWLETT-PACKARD COMPANY, | ) |
| | ) |
|     Defendant. | ) |

**ANSWER**

For its Answer to plaintiff's Petition, defendant Hewlett-Packard Company ("HP") admits, denies, and states as follows, and any allegation not specifically admitted is denied:

1. In response to paragraph (1), HP admits it is a Delaware corporation that maintains its principal place of business in Palo Alto, California, and has a registered agent in Topeka, Kansas.

2. HP admits a fire occurred on May 14, 2009, but otherwise denies the allegations contained in paragraph (2).

3. HP lacks sufficient knowledge and information to admit or deny the allegations contained in paragraph (3), and therefore denies the same.

4. HP admits it manufactures, sells, or distributes certain notebook computers, but otherwise lacks sufficient knowledge and information to admit or deny the allegations contained in paragraph (4), and therefore denies the same.

5. HP denies the allegations contained in paragraph (5).

1

## COUNT I
## (NEGLIGENCE)

6. HP incorporates its responses to paragraphs (1) through (5) by reference, as though fully set forth herein.

7. HP denies the allegations contained in paragraph (7).

8. HP denies the allegations contained in paragraph (8).

9. HP denies the allegations contained in paragraph (9).

10. HP denies the allegations contained in paragraph (10).

## COUNT II
## (BREACH OF WARRANTY)

11. HP incorporates its responses to paragraphs (1) through (10) by reference, as though fully set forth herein.

12. HP denies the allegations contained in paragraph (12).

13. HP denies the allegations contained in paragraph (13).

## COUNT III
## (STRICT LIABILITY)

14. HP incorporates its responses to paragraphs (1) through (13) by reference, as though fully set forth herein.

15. HP admits it manufactures, sells, or distributes certain notebook computers, but otherwise lacks sufficient knowledge and information to admit or deny the allegations contained in paragraph (15), and therefore denies the same.

16. HP lacks sufficient knowledge and information to admit or deny the allegations contained in paragraph (16), and therefore denies the same.

17. HP denies the allegations contained in paragraph (17).

18. HP admits it has refused to make payment to plaintiff, but otherwise denies the allegations contained in paragraph (18).

## COUNT IV
## (CONSUMER PROTECTION)

19. HP incorporates its responses to paragraphs (1) through (18) by reference, as though fully set forth herein.

20. HP denies the allegations contained in paragraph (20).

21. HP denies the allegations contained in paragraph (21).

22. HP denies the allegations contained in paragraph (22).

23. HP denies the allegations contained in paragraph (23).

24. HP denies the allegations contained in paragraph (24).

25. HP denies the allegations contained in paragraph (25).

## AFFIRMATIVE DEFENSES

1.  Plaintiff's Petition fails to state a claim upon which relief may be granted against defendant.

2.  If plaintiff was injured or damaged, which is specifically denied, then the negligence or fault of others, for whom HP is not responsible, caused or contributed to cause such injury or damage, and the plaintiff's recovery, if any, shall be barred or reduced pursuant to the provisions of K.S.A. § 60-258a.  Defendant specifically avails itself of the right to compare the fault of others pursuant to K.S.A. § 60-258a, including the fault of plaintiff, and of any other individual(s) found to be at fault through the discovery process.

3.  Plaintiff's claims are barred by plaintiff's misuse of the product.  Plaintiff misused the product, such misuse being unforeseen and unforeseeable to this defendant.  Such misuse legally caused or contributed to the damages plaintiff claims.

4. Plaintiff's claims are barred because HP's alleged conduct was not the proximate cause of plaintiff's alleged injuries.

5. Plaintiff's claims against HP are barred and/or limited by the provisions of the Kansas Product Liability Act, K.S.A. § 60-3301, et. seq.

6. Plaintiff's claims are barred in that the product complied with "state of the art" at the time it was manufactured as defined by law.

7. Plaintiff's claims for damages are barred in whole or in part by his failure to mitigate damages.

8. HP disputes the existence, nature, extent, and duration of plaintiff's alleged injuries and damages.

9. Plaintiff's cause of action are barred by lack of defect, in that the product which is the subject matter of the Petition was designed, manufactured, and/or sold in accordance with the applicable standard of care. If plaintiff has sustained any injuries or damages as a result of plaintiff's use or misuse of the product at issue, which damages are denied, then they relate to unavoidable, inherent characteristics necessarily associated with the product, which could not be avoided under the current state of scientific knowledge at the time it was manufactured and for which defendant cannot be held responsible.

10. If plaintiff sustained the injuries or damages alleged in the Petition, which is specifically denied, there was an intervening or superseding cause(s) leading to the alleged injuries, and therefore, any action or inaction on the part of defendant was not the proximate cause and/or competent producing cause of the alleged injuries or damages.

11. While denying that plaintiff has sustained injuries as a result of plaintiff's use or misuse of the product at issue, at the time any relevant product left the defendant's control, a

practical and technically feasible alternative to design that would have prevented the alleged harm was not available without substantially impairing the usefulness or intended purpose of the product. Consequently, defendant did not act unreasonably in introducing the product into trade or commerce.

12. The product that is the subject matter of the Petition was in conformity with generally accepted knowledge and use in the industry at the time it was manufactured, marketed, distributed, and/or sold.

13. HP did not conceal, suppress, or omit any material facts regarding the product which is the subject matter of plaintiff's Petition.

14. HP's business practices were not unlawful and were not likely to mislead the public.

15. HP provided adequate instructions and warnings to accompany the product at issue into the marketplace.

16. Plaintiff's claims are barred because the product that is the subject matter in the Petition was consistent with and/or exceeded consumer expectations.

17. Plaintiff's claims are barred because the product that is the subject matter in the Petition was not defective at the time it left HP's control.

18. Plaintiff's claims are barred to the extent the product that is the subject matter in the Petition was substantially altered by unforeseeable, independent, intervening, or superseding causes after it left HP's control and for which HP is not responsible.

19. Plaintiff's recovery is barred because plaintiff assumed the risk of his alleged losses.

20.     HP specifically reserves the right to plead additional affirmative defenses, pursuant to K.S.A. § 60-208 and K.S.A. § 60-215, as they become known and available during pendency of this case.

WHEREFORE, Defendant HP respectfully requests plaintiff take nothing by his Petition, that this Court dismiss plaintiffs' Petition with prejudice, and for such other and further relief as this Court deems just and proper.

## JURY DEMAND

Defendant Hewlett-Packard Company requests a trial by jury on all issues so triable.

Respectfully submitted:

*s/ Shannon D. Cohorst*
Scott R. Ast                                KS #16886
Shannon D. Cohorst                          KS #23496
SCHARNHORST AST & KENNARD, P.C.
1000 Walnut, Suite 1550
Kansas City, Missouri 64106-2143
Telephone: (816) 268-9400
Facsimile: (816) 268-9409
E-mail: sra@sakfirm.com; sdc@sakfirm.com
*Counsel for Hewlett-Packard Company*

**CERTIFICATE OF SERVICE**

      I certify that on the 20th day of July, 2011, a true and accurate copy of the foregoing was served on the following counsel of record via the Court's electronic filing (ECF) system:

Todd B. Butler, Esq.
Butler & Associates, P.A.
3706 South Topeka Blvd., Suite 300
Topeka, Kansas 66609
(785) 267-6444
*Counsel for plaintiff*

      *s/ Shannon D. Cohorst*  _____
      Attorney