IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

MARTY TATUM,            )
        Plaintiff,       )
                        )
vs.                     )   Case No. 11-4078-EFM-KMH
                        )
HEWLETT-PACKARD CO.,    )
        Defendant.       )
_____)

## PLAINTIFF'S MEMORANDUM IN SUPPORT OF HIS MOTION FOR AN EXTENSION OF TIME FOR DISCOVERY

Plaintiff Marty Tatum respectfully requests this Court extend the discovery deadline for good cause to 60 days after Defendant responds to Plaintiff's outstanding discovery requests if the Court grants Plaintiff's pending Motion to Compel.

### I. INTRODUCTION

Marty Tatum sued Hewlett-Packard after the lithium-ion battery in his laptop computer caught fire, damaging real and personal property. HP's expert contends that fail-safes built into the laptop prevent the battery from causing a fire. HP has recalled thousands of laptop batteries because they can and have caused fires, but Mr. Tatum's laptop battery was not under recall. HP has objected to several of Plaintiff's interrogatories and a request for production. HP has also refused to turn over documents under attorney-client privilege, but has yet to produce a privilege log in accordance with Fed. R. Civ. P. 26(b)(5)(A). Plaintiff has filed a Motion to Compel.

### II. QUESTION PRESENTED

If the Court grants Plaintiff's Motion to Compel, should it extend the discovery deadline to 60 days after Defendant responds to allow Plaintiff time to complete the discovery it has been blocked from propounding?

1

### III. FACTUAL BACKGROUND

On May 14, 2009, Marty Tatum arrived home to discover a fire in his basement.[1] Investigators determined that Mr. Tatum's laptop computer was the origin of the fire.[2] An electrical engineer concluded that the second cell of the lithium-ion battery inside the computer went into thermal runaway, which caused the fire.[3] HP's expert's opinion is that the laptop battery was not the source of the fire.[4]

Mr. Tatum's laptop was a ze4933. The recall included numerous models in the ze family, but not the 4933. HP recalled batteries whose serial code began with L1. Mr. Tatum's laptop battery's serial number began with L1. HP's expert opined the laptop was incapable of starting a fire because fail-safes prevent thermal runaway.[5] Mr. Tatum's discovery requests asked for information on the recalled laptop batteries and the recall itself, but HP has objected to those requests that ask for information on recalled laptop batteries or other laptop battery fires.[6] Mr. Tatum filed a motion to compel HP to respond to his interrogatories and request for production.[7] Mr. Tatum sent HP discovery requests on September 21, 2011, and received responses on November 11, 2011.[8] The Scheduling Order states discovery closes on December 30, 2011.

### IV. ARGUMENTS AND AUTHORITIES

Mr. Tatum anticipated at the beginning of discovery that he might have difficulty obtaining information on the recall. During the status conference hearing, Plaintiff's attorney

---

[1] Ex. A, Hoch's Sept. 29, 2009, Expert Report 2, 9 (Sept. 30, 2011).
[2] Ex. A, 8.
[3] Ex. B, Martin's Sept. 18, 2009, Expert Report 4 (Sept. 30, 2011).
[4] Ex. C, Arora's Nov. 11, 2011, Expert Report 27 (Nov. 11, 2011).
[5] Ex. C, 22-26.
[6] Ex. D, Def.'s Answers and Objections to Pl.'s First Interrogatories to Def. (Nov. 11, 2011); Ex. E, Def.'s Responses and Objections to Pl.'s First Request for Production of Documents to Def. (Nov. 11, 2011).
[7] Dkt. Entry 36.

notified Magistrate Judge Humphreys that this was a potential problem that might arise with the discovery deadline. Unfortunately, it is now an actual issue.

A motion to extend time may be extended for good cause by the court.[9] Because the discovery deadline has not yet been reached, the Court only needs to find good cause exists to extend the deadline.[10] Because the discovery deadline is contained in the Scheduling Order, Fed. R. Civ. P. 16(b) comes into play. Under this Rule, the Scheduling Order "may be modified only for good cause and with the judge's consent."[11] This standard is stated in the Scheduling Order filed in this case.

Good cause, under Rule 16(b), requires the moving party to show "that it could not have reasonably met the scheduled deadline even had it acted with due diligence."[12] A movant must show good faith and a reasonable basis for missing the deadline.[13] This determination of good cause lies within the court's discretion.[14]

In this case, the Scheduling Order fixing the discovery cut-off was filed on August 25, 2011.[15] Initial disclosures were made the following week with the initial documents exchanged before September 16, 2011.[16] Mr. Tatum served his discovery requests on HP on September 21, 2011.[17] HP requested an extension to respond to discovery until November 4, 2011, which Mr. Tatum granted in an effort of cooperation. Mr. Tatum did not learn until the morning of

---

[8] Dkt. Entries 17, 26.
[9] Fed. R. Civ. P. 6 (b)(1).
[10] *See* Fed. R. Civ. P. 6(b)(1)(A).
[11] Fed. R. Civ. P. 16(b)(4).
[12] *Auto Club Family Ins. Co. v. Allgood*, 2011 U.S. Dist. LEXIS 141320 *4-5 (D. Kan. Dec. 8, 2011).
[13] *Id.* at *5.
[14] *Id.*
[15] Dkt. Entry 10.
[16] Dkt. Entries 11-15.
[17] Dkt. Entry 17.

November 14, 2011, that HP had his laptop registration, which identified the model as a ze4933.

Mr. Tatum believes that information on HP's other recalled batteries is relevant for two reasons: due to the similarities between the recalled batteries and Mr. Tatum's battery, and due to HP's expert opinion that fail-safes prevent laptops from catching fire. HP's discovery responses were served on Mr. Tatum on November 11, 2011. Had discovery been answered fully at that time, Mr. Tatum would have had 49 days to review the responses, make additional discovery requests, and schedule depositions based on the responses. Instead, Mr. Tatum's counsel spent the next month conferring with opposing counsel regarding HP's objections and filing his Motion to Compel. If the Court compels HP to fully answer the requests it has objected to, the discovery deadline as it now stands will prevent Mr. Tatum from following up on any new information. This deprives Mr. Tatum of the ability to fully explore the truth of HP's role in his house fire. Mr. Tatum has demonstrated good cause for the Court to modify the Scheduling Order by allowing an extra 60 days from the date HP produces its compelled responses for discovery.

## V.  CONCLUSION

Mr. Tatum acted diligently in issuing his discovery, attempting to resolve HP's objections, and filing his Motion to Compel. Mr. Tatum acted reasonably and in good faith when he allowed HP extra time to respond. Had HP not improperly objected to Mr. Tatum's requests, Mr. Tatum would have had the information on the recalls in time to meet the discovery deadline. Mr. Tatum simply asks that if the Court compels HP to respond, the Court also grant Mr. Tatum 60 days to follow up on those responses, putting him in the same position he would be in if HP had not incorrectly blocked his discovery back in November.

        Respectfully submitted,

        BUTLER & ASSOCIATES, P.A.

        /s/ Todd B. Butler
        Todd B. Butler, #12711
        Stephanie B. Poyer, #25055
        3706 S. Topeka Blvd., Suite 300
        Topeka, KS 66609
        Ph.  (785) 267-6444
        Fax  (785) 267-7341
        todd@balaw.org
        stephanie@balaw.org

        *Attorneys for Plaintiff.*

## CERTIFICATE OF SERVICE

I hereby certify that on the 23rd day of December, 2011, I electronically filed the foregoing Memorandum in Support of His Motion for an Extension of Time for Discovery with the clerk of the court by using the CM/ECF system which distributes copies to all counsel of record.

Scott R. Ast
Shannon D. Cohorst
SCHARNHORST AST & KENNARD, PC
1000 Walnut St., Suite 1550
Kansas City, MO 64106-2143
Ph.  (816) 268-9400
Fax (816) 268-9409
sra@sakfirm.com
sdc@sakfirm.com
*Attorneys for Defendant.*

        /s/ Todd B. Butler
        Todd B. Butler, #12711