**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| **MARTY TATUM,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Case No. 11-4078-EFM |
| ) | |
| **HEWLETT-PACKARD CO.,** ) | |
| ) | |
| **Defendant.** ) | |
| ) | |

**MEMORANDUM AND ORDER**

Highly summarized, plaintiff alleges that his Hewlett-Packard (HP) laptop computer caused a fire in his home.[1] This matter is before the court on plaintiff's motion to compel information concerning (1) HP laptop defects and recalls, and (2) defendant's "claim" file. **(Doc. 36)**. For the reasons set forth below, the motions shall be **GRANTED IN PART.** Plaintiff's motion for an extension of discovery **(Doc. 38)** is **GRANTED.**

**Background**

On May 14, 2009, Marty Tatum discovered a fire in the finished basement of his house. Investigators for Mr. Tatum's insurer determined that his laptop computer was the likely source of the fire and an electrical engineer concluded that the fire was caused by a

---

[1] Mr. Tatum's insurer, State Farm, is pursuing this case under its subrogation rights.

"thermal runaway" in the laptop's lithium-ion battery. HP's expert opined that the laptop was not the source of the fire because fail-safe systems built into battery packs and laptop computers prevent "thermal runaway" and catastrophic fires.

### Plaintiff's Motion to Compel

Plaintiff's motion seeks to compel discovery concerning (1) defects, complaints, and recalls concerning HP laptop computers and (2) HP's "claim file." With respect to the claim file, HP argues that the file is protected by the work product doctrine because, upon notice of a claim by Mr. Tatum's insurer, HP's legal department secured the assistance of a third-party, Carl Warren & Co., to investigate. HP contends that Carl Warren & Co.'s investigative work was performed at the direction of counsel and in anticipation of this litigation.

Plaintiff initially argued that HP failed to provide a privilege log; however, HP served a privilege log contemporaneously with its response brief. Plaintiff has not challenged any representations in HP's privilege log; therefore, the court deems this argument abandoned. Plaintiff also does not challenge HP's assertion that Carl Warren's investigation was conducted under the direction of counsel and prepared in anticipation of litigation.[2] Under

---

[2] Plaintiff's initial brief in support of its motion argued that the attorney-client privilege was not applicable because Carl Warren & Co. was not a client, representative, associate, or employee. However, HP's response brief made clear that it was relying on the work product doctrine with respect to Carl Warren's investigative work. Plaintiff filed no reply brief and has not challenged HP's assertion that Carl Warren's investigative file is protected from disclosure by the work product doctrine.

-2-

the circumstances, the investigative "claim" file is protected from disclosure by the work product doctrine and plaintiff's motion to compel this file is **DENIED.** The remaining discovery issues are discussed in greater detail below.

**Production Request No. 1 and Interrogatory Nos. 2, 3, and 6**

Production Request No. 1 and Interrogatory Nos. 2, 3, and 6 seek documents and detailed information concerning defects in the lithium-ion battery packs used in HP Notebook computers and any efforts by HP to correct such problems. HP objects that the discovery requests are (1) overly broad, (2) unduly burdensome, and (3) not limited in scope and time. HP also argues that the parties previously agreed to expedited discovery and that plaintiff is now engaged in a "fishing expedition."

Plaintiff did not file a reply brief or otherwise respond to the accusation that his attorneys are attempting to circumvent the parties' discovery agreement and, unfortunately, the details of counsel's "agreement" cannot be determined from the limited record. At best, the parties' August 12, 2011 planning report reflects an agreement that plaintiff's expert disclosures would be produced by September 30, defendant's expert disclosures would be produced by October 29, and that all discovery would be completed by December 30, 2011.[3] However, the planning report contains no agreement limiting the scope of discovery and

---

[3] The parties' recommended dates were incorporated into a scheduling order by the court "without further conference." Doc. 10, p. 1. Plaintiff was apparently content to rely on expert reports prepared in 2009.

plaintiff served production requests and interrogatories on September 21, 2011. HP has not shown that plaintiff's discovery requests violate any agreement between the parties.

HP argues that plaintiff's computer was an HP Pavilion model Ze4933 "containing a Simplo battery pack using Sony cells" and information concerning other notebook computer models or battery packs is overly broad and not relevant. The court rejects HP's assertion that the information is not relevant. HP's expert opined that lithium-ion battery packs "utilize sophisticated electronics" and incorporate "redundant protection circuits" that make it unlikely that plaintiff's computer was the source of the fire. Evidence that other HP computers and their battery packs caused fires is relevant to (1) the credibility of HP's expert witness and (2) his opinions concerning built-in safeguards and the likely cause of the fire.[4]

HP also complains that the requested discovery would "place an undue burden on HP to search and produce materials dating back many years regarding numerous models of notebook computers and their battery components." (Doc. 40, p. 5). Notably absent from this argument is any explanation of when HP first began producing "Notebook" laptop computers and how many models were produced. Moreover, product recalls are a relatively unusual event and the court is satisfied that information concerning the material circumstances of any recall is readily available to HP. However, the court will establish a reasonable time frame and narrow some of the individual discovery requests that are discussed below.

---

[4] There may be significant differences between plaintiff's computer and other models but HP has not explained the differences.

-4-

**Interrogatory No. 2**

Interrogatory No. 2 requests (1) a full description of any alleged defect in the lithium-ion battery pack in any HP Notebook computer, (2) the identity of the employees who first learned of the defect, (3) how the defect was discovered, (4) the probable cause of the defect, and (5) any actions by HP to correct the defect. The request for "any alleged defect" is overly broad and rejected. The claims in this case are based on a fire and HP need only respond concerning defects that relate to excessive heat or threat of fire. The identity of the employee who first learned of a particular defect and how the defect was discovered are excessive, given the needs of this case, and are therefore denied.[5] HP shall answer concerning the probable cause of the defect and actions taken to correct the defect. The temporal scope of discovery shall be three years before and three years after HP Pavilion model Ze4933 was released to the consumers. Unless otherwise noted, this six year temporal scope of discovery shall apply to all discovery requests raised in this motion.

**Interrogatory No. 3 and Production Request No. 1**

Interrogatory No. 3 requests information concerning the recall of any HP Notebook computer or lithium-ion battery packs, including (1) the exact date of the recall, (2) the

---

[5] The loss caused by the fire is approximately $100,000. Reasonable discovery limits are necessary to avoid excessive attorney and discovery costs given the amount in controversy.

purpose of the recall, (3) the types or models of products involved in the recall, (4) the number of each type or model of products involved, and (5) the number of each product examined and/or corrected. The information is relevant and the motion to compel is GRANTED IN PART. Again, because the claims in this case involve allegations that a fire was caused by the laptop, HP is only required to disclose information concerning recalls that involve the risk of fire by a lithium-ion battery pack or an HP Notebook computer.

Production Request No. 1 is similar to Interrogatory No. 3 and seeks *all* documents concerning the recall of any HP Notebook computer for any issues related to a lithium-ion battery. The request for "all" documents for any defect is excessive and duplicative of much of the information requested by Interrogatory Nos. 2 and 3. Accordingly, plaintiff's motion to compel Production Request No. 1 is DENIED. Plaintiff may serve a more focused production request after review of HP's answers to interrogatories.

**Interrogatory No. 6**

Interrogatory No. 6 seeks information concerning insurance claims or complaints in the United States or another country regarding any HP Pavilion Notebook computer heating up or catching fire. HP shall provide answers to the interrogatory but limited to complaints within the United States of an HP Pavilion Notebook "catching fire." Discovery concerning "another country" is excessive for the needs of this case and the term "heating up during operation" is too vague.

**Interrogatory Nos. 15 and 16**

Interrogatory No. 15 asks HP to provide its organizational structure showing which departments are responsible for handling consumer complaints, government safety inquiries, recalls, quality assurance and product testing. Interrogatory No. 16 asks HP to identify the supervisors and employees of any department that investigates and/or tests Notebook computers involved in smoke, heat, or fire related incidents. HP's objection that this information is unduly burdensome, overly board, and not relevant is rejected and HP shall answer these two interrogatories.

## Plaintiff's Motion to Extend Discovery

Plaintiff moves for a sixty day extension of discovery after HP properly responds to the discovery request that are the subject of his motion to compel. (Doc. 38). HP opposes the motion, arguing that discovery closed on December 30, 2011 and that any extension of discovery violates the parties' agreement to limit discovery. With respect to the latter argument, HP has not shown an agreement between counsel that would prohibit plaintiff's interrogatories and production requests. Plaintiff served his interrogatories and production requests on September 21, 2011 and, at HP's request, agreed to an extension of time for HP to respond. HP's discovery responses were served on November 11, 2011 and the responses and objections make no mention of any agreement between counsel to limit discovery.

HP's argument that discovery closed December 30, 2011 is similarly rejected. Plaintiff timely served his discovery requests on September 21, 2011 and granted HP's

informal request for additional time to respond. Plaintiff timely moved to compel discovery disclosures and also timely move for an extension of discovery before the December 30, 2011 deadline. If HP had timely and appropriately responded to plaintiff's discovery requests, plaintiff would have had sufficient time to conduct additional discovery under the original schedule. Under the circumstances, plaintiff's motion for an extension of time shall be GRANTED.

**IT IS THEREFORE ORDERED** that plaintiff's motion to compel **(Doc. 36)** is **GRANTED IN PART**, consistent with the rulings herein. HP shall answer the interrogatories, consistent with the rulings herein, by **May 10, 2012.**

**IT IS FURTHER ORDERED** that plaintiff's motion to extend discovery **(Doc. 38)** is **GRANTED** and all discovery shall be commenced or served in time to be completed by **July 10, 2012.**

**IT IS SO ORDERED.**

Dated at Wichita, Kansas this 20th day of April 2012.

S/ Karen M. Humphreys
_____
KAREN M. HUMPHREYS
United States Magistrate Judge