**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| **MARTY TATUM,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Case No. 11-4078-EFM |
| ) | |
| **HEWLETT-PACKARD CO.,** ) | |
| ) | |
| **Defendant.** ) | |
| ) | |

## MEMORANDUM AND ORDER

This matter is before the court on plaintiff's motion to "amend his claims." (Doc. 44). For the reasons set forth below, the motion shall be **GRANTED IN PART.**

### Background

On May 14, 2009, Marty Tatum discovered a fire in the finished basement of his house and investigators for his insurer concluded that his laptop computer was the likely source of the fire. Suit was filed alleging negligence, breach of warranty, strict liability, and violation of the Kansas Consumer Protection Act (KCPA), K.S.A. 50-623 *et seq*.[1] During the January 27, 2012 final pretrial conference a dispute developed over plaintiff's theories of recovery. Specifically, plaintiff's proposed order listed (1) a claim that HP was negligent

---

[1] This is a subrogation action by Mr. Tatum's insurer, State Farm.

based on a post-sale failure to warn and (2) a KCPA violation based on HP's misrepresentation that the computer "has the characteristic of being safe." HP argued that the two claims were new and should not be allowed. The court directed plaintiff to file a motion to amend if he sought to add new claims.

## Plaintiff's Motion to Amend

Consistent with the court's directive, plaintiff moved to amend on February 3, 2012. (Doc. 44). Although no proposed amended complaint was submitted with plaintiff's motion as required by D. Kan. Rule 15.1(a)(2), this technical mistake is not fatal because the claims are set forth in plaintiff's proposed pretrial order. The more substantive questions are whether the two claims should be allowed in the final pretrial order.

With respect to the KCPA claim, the court will allow plaintiff's proposed claim that HP "misrepresented the laptop's characteristic of being safe" because the claim is reasonably within the allegations set forth in the original petition. Plaintiff alleged in Count IV (the KCPA violations) "that through its conduct, defendant has knowingly or recklessly *misled* purchasers and prospective purchasers regarding the *defective condition* of the notebook." (Doc. 1-1, paragraph 20, emphasis added). The gravamen of plaintiff's lawsuit is that HP's laptop caused the fire, a defective and unsafe condition under any reasonable interpretation of plaintiff's original pleading. Accordingly, the KCPA "characteristic of being safe" claim will be included in the final pretrial order.

Plaintiff argues that the claim that HP negligently failed to warn plaintiff after the sale

was also set forth in the original complaint, albeit under the alleged KCPA violation.  This argument is not persuasive.  In Kansas, manufacturers have a post-sale duty to warn purchasers when "a defect, which originated at the time the product was manufactured ***and was unforeseeable at the point of sale*** is discovered to present a life threatening hazard."  Patton v. Hutchinson Wil-Rich Manufacturing Co., 253 Kan. 741, 759 (Kan. 1993)(emphasis added).  Plaintiff's original complaint does not allege that the defect was unforeseeable at the point of sale but rather that HP ***knowingly and recklessly*** failed to warn purchasers of the defect ***at the time the notebook was sold***.  (Doc. 1-1, paragraph 21, emphasis added).  Accordingly, a "negligent post-sale failure to warn" was not alleged in the original complaint.  The issue of whether plaintiff should be allowed to amend to add this new claim is discussed below.

The standard for permitting a party to amend its pleading is well established.  Without an opposing party's consent, a party may amend its pleading only by leave of the court.  Fed. R. Civ. P. 15(a).[2]  Although such leave to amend "shall be freely given when justice so requires," whether to grant leave is within the court's discretion.  Panis v. Mission Hills Bank, 60 F.3d 1486, 1494 (10th Cir. 1995)(citing Woolsey v. Marion Labs., Inc., 934 F. 2d 1452, 1462 (10th Cir. 1991)).  In exercising its discretion, the court must be "mindful of the spirit of the federal rules of civil procedure to encourage decisions on the merits rather than on mere technicalities."  Koch v. Koch Industries, 127 F.R.D. 206, 209 (D. Kan. 1989).  The

---

[2] A party may amend its pleading once as a matter of course before a responsive pleading is filed.  The time for amending "as a matter of course" is long past.

court considers a number of factors in deciding whether to allow an amendment, including timeliness, prejudice to the other party, bad faith, and futility of amendment. Hom v. Squire, 81 F.3d 969, 973 (10th Cir. 1996). "Untimeliness alone may be a sufficient basis for denial of leave to amend." Las Vegas Ice & Storage Co. v. Far West Bank, 893 F.2d 1182, 1185 (10th Circuit, 1990). "Where the party seeking amendment knows or should have known of the facts upon which the proposed amendment is based but fails to include them in the original complaint, the motion to amend is subject to denial." Id., (quoting State Distributors, Inc. v. Glenmore Distilleries Co., 738 F.2d 405 (10th Cir. 1984).

The scheduling order established a November 30, 2011 deadline for any motions to amend the pleadings and plaintiff filed his motion to amend on February 3, 2012. Plaintiff argues that "good cause" justifies amending the scheduling order deadline because he reasonably believed that his "post-sale failure to warn" claim was included in the original petition. As discussed above, a "negligent post-sale failure to warn" claim was not alleged in the original petition and plaintiff's assertion that he had a reasonable basis for believing that such a claim had been asserted is not persuasive.

Plaintiff also argues "good cause" based on his receipt of new evidence after the petition was filed. Specifically, plaintiff asserts that he learned two weeks before the motion deadline that the computer was "registered" and that HP's records contained Mr. Tatum's name, address, computer model, and battery model. Because HP's ability to contact Mr. Tatum is important evidence concerning the post-sale failure to warn claim, plaintiff contends the new information justifies the belated filing of his motion. However, Mr. Tatum

-4-

knew or should have known that he registered his computer with HP before the lawsuit was filed.  More importantly, plaintiff did not seek the registration information during discovery and a party's lack of diligence in seeking evidence does not support a claim of "good cause."[3]

Plaintiff also argues that the Consumer Product Safety Commission (CPSC) issued a press release on January 23, 2012 announcing that HP had agreed to a $450,000 fine for failure to timely report to the CPSC that some of HP's lithium-ion packs had defects. Plaintiff contends that this information "is the crux of [his] post-sale failure to warn claim" and the recent revelation is "good cause" for belatedly filing his motion to amend.

Although the press release was issued January 23, 2012 and reflects a recent settlement of a civil penalty, the underlying information giving rise to the settlement was not "new."  The settlement was based on CPSC allegations that HP knew by 2007 of dangerous defects in certain lithium-ion batteries but failed to notify CPSC of potential problems until July 2008.  However, in *October 2008* HP and CPSC announced a recall of 32,000 lithium-ion battery packs.  The  recall began *six months* before plaintiff's fire and was public knowledge well before plaintiff filed his case.[4]  In fact, one of plaintiff's experts, Scott Hoch had copies of the CPSC recall with him when he inspected the scene of the fire on May 18,

---

[3] HP advised plaintiff of the registration on the day the parties engaged in mediation. HP volunteered the information because plaintiff never asked for the information during discovery.  Plaintiff's failure to serve discovery requests concerning HP's ability to contact Mr. Tatum is puzzling given the significance of the information.

[4] The recall did not involve the model of battery back or HP laptop involved in this fire.

2009 and mentioned the recall in his 2009 report. In September 2011, plaintiff produced the 2009 report as his expert witness report.[5] The January 23, 2012 CPSC press release does not establish good cause for belatedly seeking to amend the claims in this case.

In addition to failing to show good cause for amending the scheduling order deadline, allowing the amendment at this time would be unduly prejudicial to HP. A post-sale failure to warn claim raises complex factual issues and would require extensive additional discovery and duplication of costs. Patton v. Hutchinson Wil-Rich Manufacturing Co., 253 Kan. 741, 759 (Kan. 1993)(whether such a duty arises in a particular case depends on the facts and a "bright line" is not possible).

Finally, although not arising to the level of malicious bad faith, the circumstance surrounding the motion and plaintiff's arguments are troubling. Although plaintiff asserts that he believed a post-sale failure to warn claim was asserted in the original complaint, he did not serve discovery concerning HP's knowledge and ability to provide notice to Mr. Tatum, a critical factual issue for such a claim. Patton, 253 Kan. at 1314. Given the parties agreement in their planning report that discovery could be completed in four months, the failure to timely serve such discovery is unexplained. Accordingly, in light of the totality of the circumstances, the court is not persuaded that leave to add the new claim for post-sale failure to warn should be allowed.

---

[5] Plaintiff's experts, although aware of the recall, did not rely on the recall in reaching their conclusions and opinions. Their opinions were based on investigation of the scene and science.

**IT IS THEREFORE ORDERED** that plaintiff's motion to amend **(Doc. 44)** is **GRANTED IN PART** and **DENIED IN PART** and the final pretrial order will reflect the rulings herein.

**IT IS SO ORDERED.**

Dated at Wichita, Kansas this 20th day of April 2012.

S/ Karen M. Humphreys
_____
KAREN M. HUMPHREYS
United States Magistrate Judge